# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL GEORGE GRAVELLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81028

FILED

APR 1 9 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of trafficking a schedule I controlled substance, possession of a firearm by a prohibited person, using the personal identifying information of another person for the purpose of avoiding or delaying prosecution, and possession of a schedule I or schedule II controlled substance for the purpose of sale.[1] Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

Appellant first challenges the admission of three pieces of uncharged bad acts evidence: his flight from police, a large amount of marijuana and a scale previously discovered during the execution of a search warrant, and text messages regarding drug transactions recovered from phones taken off appellant during his arrest. NRS 48.045(2) prohibits the admission of evidence of uncharged bad acts for propensity purposes, but allows such evidence for other purposes including "as proof of motive,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-11240

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." To admit such evidence, the district court must hold a hearing outside the presence of the jury to determine "that (1) the other bad act is relevant to the crime charged, (2) the State can prove the other bad act by clear and convincing evidence, and (3) the nonpropensity probative value of the other-bad-act evidence is not substantially outweighed by the danger of unfair prejudice." *Flowers v. State*, 136 Nev. 1, 5, 456 P.3d 1037, 1043 (2020) (internal quotation marks omitted). We review the district court's decision for an abuse of discretion "and will not reverse except on a showing that the decision is manifestly incorrect." *Id.* (internal quotation marks omitted); *Diomampo v. State*, 124 Nev. 414, 429-30, 185 P.3d 1031, 1041 (2008) (recognizing that a district court's decision to admit evidence of other bad acts "is a decision within its discretionary authority and is to be given great deference" (quoting *Braunstein v. State*, 118 Nev. 68, 72, 40 P.3d 413, 416 (2000))).

As to the flight evidence, we conclude that it does not constitute an uncharged bad act. Indeed, an element of the false-personal-identification charge is that appellant knowingly used another person's identifying information "to avoid or delay being prosecuted for an unlawful act."[2] NRS 205.463(2). The flight evidence involved the defendant fleeing

---

[2]Appellant does not argue that the district court should have bifurcated this charge from the remaining charges, and we therefore do not address that issue. *Cf. Morales v. State*, 122 Nev. 966, 969-70, 143 P.3d 463, 465-66 (2006) (holding that bifurcation is appropriate when the State charges a defendant with a crime requiring proof of a prior conviction, amongst other charges, as it prevents the jury from improperly considering

SUPREME COURT
OF
NEVADA

(O) 1947A

2

police after they activated lights and sirens and that conduct constitutes an "unlawful act," i.e. failure to stop on signal of police officer, for purposes of NRS 205.463(2). As such, the flight evidence went to an element of the false-personal-identification charge and was not bad act evidence. And appellant's previous flight from police was direct evidence showing appellant knew police were attempting to apprehend him. We therefore need not address appellant's challenges to the flight evidence as inadmissible uncharged-bad-acts evidence.

Appellant next argues that the State failed to provide clear and convincing evidence that he owned the marijuana and scale found during the execution of a prior search warrant. We disagree. The officer's testimony that he observed appellant on the remote property immediately before executing the search warrant and that he found a phone registered to appellant, that also contained pictures of appellant, at the property along with the marijuana and scale is clear and convincing evidence of ownership. And we find no manifest abuse of discretion in the district court's finding that any unfair prejudice did not substantially outweigh the evidence's probative value where it was relevant to show appellant's knowledge and intent. *See* NRS 453.3385(1) (2015) (requiring a defendant to act "knowingly or intentionally" to be convicted of trafficking); NRS 453.337 (1997) (prohibiting the possession of certain drugs "for the purpose of sale").

We agree with appellant that the district court abused its discretion in admitting the text message evidence to the extent those

the prior conviction when deliberating on the charges for which the prior conviction is not an element).

messages mentioned heroin. The crimes charged in this case do not involve heroin, and therefore any probative value of those messages was substantially outweighed by the danger of unfair prejudice. We conclude this abuse of discretion was harmless, however, as the items found on appellant and the other properly admitted evidence discussed in this order linked appellant to the crimes. *See Valdez v. State*, 124 Nev. 1172, 1188-90, 196 P.3d 465-476-77 (2008) (discussing non-constitutional harmless error review).

As to the remaining texts, the State provided clear and convincing evidence that appellant sent the texts as they came from phones found on appellant's person that were either registered to appellant and/or contained accounts registered to appellant, pictures of appellant, and texts addressed to "Danny." *Cf. Rodriguez v. State*, 128 Nev. 155, 162, 273 P.3d 845, 849 (2012) (providing that a proponent must provide "sufficient direct or circumstantial evidence of authorship in order to authenticate [a] text message as a condition precedent to its admission"). And we see no abuse of discretion in the district court admitting those texts as evidence of appellant's intent after weighing their probative value against the risk of unfair prejudice.[3]

---

[3]Although appellant argues that the jury would improperly use the texts as propensity evidence, the district court properly instructed the jury on the evidence's limited use. *See Mclellan v. State*, 124 Nev. 263, 269, 182 P.3d 106, 110-11 (2008) (recognizing the district court's duty to instruct the jury on the limited use of other-bad-acts evidence). "A jury is presumed to follow [the court's] instructions." *Leonard v. State*, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001) (quoting *Weeks v. Angelone*, 528 U.S. 225, 234 (2000)).

Appellant also challenges his sentence, asserting that the district court abused its discretion in ordering consecutive, rather than concurrent, sentences for the trafficking and firearm charges. We conclude that the district court did not abuse the wide discretion afforded to it by imposing consecutive sentences. *See* NRS 176.035(1) (giving the district court discretion to order that a person convicted of two or more offenses serve those sentences concurrently or consecutively); *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987) ("The sentencing judge has wide discretion in imposing a sentence . . . ."); *see also Jackson v. State* 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason."). The 24-60 month sentences are each within the statutory limits, *see* NRS 453.3385(1)(a) (2015); NRS 202.360(1), and appellant does not allege that the district court relied on impalpable or highly suspect evidence, *see Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996) (reiterating that this court "will reverse a sentence if it is supported *solely* by impalpable and highly suspect evidence").

Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Alvin R. Kacin, District Judge
    Elko County Public Defender
    Attorney General/Carson City
    Elko County District Attorney
    Elko County Clerk